FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

AUG 2 3 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF GEORGIA

### GAINESVILLE DIVISION

| | |
|---|---|
| GLENN M. HEAGERTY, JR. | |
| 2890 WILLOW WISP WAY | |
| CUMMING, GA 30040, | CIVIL ACTION FILE NO. |
| *Pro Se*   Plaintiff, | |
| v. | **2:16-CV-0201** |
| BROCK & SCOTT, PLLC | |
| 1315 WESTBROOK PLAZA DRIVE | |
| WINSTON-SALEM, NC 27103, | |
| | |
| DORIAN WOOLASTON | |
| GA Bar # 364919, aka DW | |
| 1315 WESTBROOK PLAZA DRIVE | |
| WINSTON-SALEM, NC 27103, | |

ANSON A. ADAMS

GA Bar # 143095, aka AAA

1315 WESTBROOK PLAZA DRIVE

WINSTON-SALEM, NC 27103,

DISCOVER BANK

C/O BROCK & SCOTT, PLLC

1315 WESTBROOK PLAZA DRIVE

WINSTON-SALEM, NC 27103,

       Defendants.

## COMPLAINT

Plaintiff, Glenn M. Heagerty, Jr., individually, hereby sues Defendants Brock &

Scott, PLLC(hereinafter referred to as "BS"), Dorian Woolaston(hereinafter referred

to as "DW"), Anson A. Adams(hereinafter referred to as "AAA"), and Discover

Bank(hereinafter referred to as "DB")(hereinafter collectively referred to as

"Defendants") for violations of the federal Fair Debt Collection Practices Act, 15
U.S.C. §1692 et seq(hereinafter referred to as "FDCPA").

## PRELIMINARY STATEMENT

1. This is an action brought for damages by Plaintiff against Defendants for
   violations of the FDCPA.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d).

3. The venue of this Court is conferred by LR 3.1 B(3), NDGa.

## PARTIES

4. Plaintiff is a natural person.

5. Defendant BS is a law firm with a Collections Division that provides
   collection and recovery services to banks, lenders, auto finance companies,
   credit grantors, debt buyers and other asset holders in eight states: Michigan,
   Maryland, Virginia, North Carolina, South Carolina, Tennessee, Georgia and

Florida.

6. Defendant DW is an attorney in Defendant BS's Collection Division.

7. Defendant AAA is an attorney in Defendant BS's Collection Division.

8. Defendant DB is an unknown entity with agents Defendants BS, DW, and AAA.

## FACTUAL ALLEGATIONS

9. In a letter dated March 10, 2015, Discover demanded immediate payment of $246.00 from Plaintiff on an account with a current balance of $12,281.06. Discover claimed in its letter that Plaintiff had a tax refund that could be used to make the payment and reduce the interest and fees charged by Discover.

10. Discover received Plaintiff's notice of dispute and demand for validation via USPS Certified Mail, receipt # 7014 1820 0001 9552 4676, sometime on or about April 13, 2015.

11. In a letter dated April 29, 2015, Discover stated that the outstanding balance on the account was $12,354.49 and that Plaintiff's dispute of the

purported debt would remain in place until Plaintiff requested it be removed.

12.     Discover Financial Services(hereinafter referred to as "DFS") obtained the right to collect the disputed debt sometime in May 2015.

13.     DFS charged-off the disputed debt in June 2015. DFS continues to furnish credit information about Plaintiff to Equifax(until August 2015), Experian, and Trans Union that identifies DFS as the creditor of the disputed debt and identifies the information as disputed by Plaintiff. Innovis deleted and blocked from reappearing the information furnished to it by DFS about Plaintiff.

14.     Defendant DB obtained the right to collect the charged-off and disputed debt in August 2015.

15.     Defendant DB started furnishing credit information on the charged-off and disputed debt to Equifax in August 2015 identifying itself as the creditor and providing no information on the original or current creditor.

16.     Defendants BS, DW, and AAA obtained the right to collect the charged-off and disputed debt by June 3, 2016.

17.     Defendants DB, BS, and DW demanded $12,344.44 from Plaintiff in a

letter dated June 3, 2016.

18.    Defendants DB, BS, and DW received Plaintiff's notice of dispute and

demand for validation via USPS Certified Mail, receipt # 7015 0640 0002

1981 3258 sometime on or about June 13, 2016.

19.    Defendants DB, BS, and DW responded, in a letter dated July 5, 2016,

claiming Plaintiff opened an account with Defendant DB on June, 3 2001.

Defendants provided no proof that Plaintiff opened an account with

Defendant DB on June 3, 2001, that Plaintiff had any obligation to Defendant

DB, or that Plaintiff owed Defendant DB $12,344.44. Defendants BS, DW,

and DB provided no explanation for the discrepancy with the balance DFS

stated for the disputed debt. Defendants provided no information regarding

the charged-off and disputed status of the alleged debt. No contract between

Plaintiff and Defendant DB was provided by Defendants. No documentation

was provided to account for the transactions on the account from opening

until the date of the current balance alleged by Defendants.

20.    Defendants BS, DW, and DB received Plaintiff's second notice of dispute

and demand for validation, along with a request to explain the contents in the

package that was provided to Plaintiff, via USPS Certified Mail, receipt #

6

7015 0640 0002 1981 3319, on or about July 16, 2015.

21.     Defendants filed a lawsuit against Plaintiff on July 25, 2016 in the Magistrate Court of Forsyth County, Georgia, Civil Action No. 16MGC-1390(hereinafter referred to as "Complaint").

22.     Plaintiff did not give prior consent directly to the Defendants to communicate with Equifax or the Forsyth County Magistrate Court of Georgia, or the Court's judges, clerks, and other staff in connection with collection of the charged-off and disputed debt.

23.     Defendants, in preparing and filing the civil case, did not communicate to several persons that the charged-off and disputed debt was in fact disputed.

## COUNT I – VIOLATION OF THE FDCPA BY DEFENDANT BS

24.     Paragraphs 1-23 are re-alleged as though fully set forth herein.

25.     The Complaint filed by Defendants is a communication within the meaning of the FDCPA, 15 U.S.C. §1692a(2).

26.     The information furnished by Defendant DB to Equifax about Plaintiff

7

monthly are communications within the meaning of the FDCPA, 15 U.S.C. §1692a(2).

27.    Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

28.    Discover is a creditor within the meaning of the FDCPA, 15 U.S.C. §1692a(4).

29.    The obligation alleged by Defendants of Plaintiff is a debt within the meaning of the FDCPA, 15 U.S.C. §1692a(5).

30.    Defendant BS is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

31.    Defendant BS violated the FDCPA. The violations include, but are not limited to, the following:

a) Defendant BS violated 15 U.S.C. §1692g(b) by failing to cease collection of the debt without having first mailed to Plaintiff verification of the debt and the name and address of the original creditor.

b) Defendant BS violated 15 U.S.C. §1692c(b) by communicating with third parties in connection with the collection of a debt without Plaintiff's prior

consent.

c) Defendant BS violated 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt.

d) Defendant BS violated 15 U.S.C. §1692e(8) by failing to communicate that Plaintiff disputes the alleged debt.

32.    WHEREFORE, the Plaintiff demands judgment for damages against Defendant BS for actual damages, statutory damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. §1692k.

## COUNT II – VIOLATION OF THE FDCPA BY DEFENDANT DW

33.    Paragraphs 1-23 are re-alleged as though fully set forth herein.

34.    The Complaint filed by Defendants is a communication within the meaning of the FDCPA, 15 U.S.C. §1692a(2).

35.    The information furnished by Defendant DB to Equifax about Plaintiff monthly are communications within the meaning of the FDCPA, 15 U.S.C. §1692a(2).

36.    Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C.

§1692a(3).

37.     Discover a creditor within the meaning of the FDCPA, 15 U.S.C.

§1692a(4).

38.     The obligation alleged by Defendants of Plaintiff is a debt within the

meaning of the FDCPA, 15 U.S.C. §1692a(5).

39.     Defendant DW is a debt collector within the meaning of the FDCPA, 15

U.S.C. §1692a(6).

40.     Defendant DW violated the FDCPA. The violations include, but are not

limited to, the following:

   a) Defendant DW violated 15 U.S.C. §1692g(b) by failing to cease collection of

      the debt without having first mailed to Plaintiff verification of the debt

      and the name and address of the original creditor.

   b) Defendant DW violated 15 U.S.C. §1692c(b) by communicating with third

      parties in connection with the collection of a debt without Plaintiff's prior

      consent.

   c) Defendant DW violated 15 U.S.C. §1692e(2)(A) by falsely representing the

      character, amount, or legal status of the alleged debt.

   d) Defendant DW violated 15 U.S.C. §1692e(8) by failing to communicate that

Plaintiff disputes the alleged debt.

41.     WHEREFORE, the Plaintiff demands judgment for damages against

Defendant DW for actual damages, statutory damages, reasonable attorney's

fees, and costs, pursuant to 15 U.S.C. §1692k.

## COUNT III – VIOLATION OF THE FDCPA BY DEFENDANT AAA

42.     Paragraphs 1-23 are re-alleged as though fully set forth herein.

43.     The Complaint filed by Defendants is a communication within the

meaning of the FDCPA, 15 U.S.C. §1692a(2).

44.     The information furnished by Defendant DB to Equifax about Plaintiff

monthly are communications within the meaning of the FDCPA, 15 U.S.C.

§1692a(2).

45.     Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C.

§1692a(3).

46.     Discover is a creditor within the meaning of the FDCPA, 15 U.S.C.

§1692a(4).

47.     The obligation alleged by Defendants of Plaintiff is a debt within the

meaning of the FDCPA, 15 U.S.C. §1692a(5).

48.    Defendant AAA is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

49.    Defendant AAA violated the FDCPA. The violations include, but are not limited to, the following:

a) Defendant AAA violated 15 U.S.C. §1692g(b) by failing to cease collection of the debt without having first mailed to Plaintiff verification of the debt and the name and address of the original creditor.

b) Defendant AAA violated 15 U.S.C. §1692c(b) by communicating with third parties in connection with the collection of a debt without Plaintiff's prior consent.

c) Defendant AAA violated 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt.

d) Defendant AAA violated 15 U.S.C. §1692e(8) by failing to communicate that Plaintiff disputes the alleged debt.

50.    WHEREFORE, the Plaintiff demands judgment for damages against Defendant AAA for actual damages, statutory damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. §1692k.

## COUNT IV – VIOLATION OF THE FDCPA BY DEFENDANT DB

51.     Paragraphs 1-23 are re-alleged as though fully set forth herein.

52.     The Complaint filed by Defendants is a communication within the

meaning of the FDCPA, 15 U.S.C. §1692a(2).

53.     The information furnished by Defendant DB to Equifax about Plaintiff

monthly are communications within the meaning of the FDCPA, 15 U.S.C.

§1692a(2).

54.     Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C.

§1692a(3).

55.     Discover is a creditor within the meaning of the FDCPA, 15 U.S.C.

§1692a(4).

56.     The obligation alleged by Defendants of Plaintiff is a debt within the

meaning of the FDCPA, 15 U.S.C. §1692a(5).

57.     Defendant DB is a debt collector within the meaning of the FDCPA, 15

U.S.C. §1692a(6).

58.     Defendant DB violated the FDCPA. The violations include, but are not

limited to, the following:

a) Defendant DB violated 15 U.S.C. §1692g(b) by failing to cease collection of the debt without having first mailed to Plaintiff verification of the debt and the name and address of the original creditor.

b) Defendant DB violated 15 U.S.C. §1692c(b) by communicating with third parties in connection with the collection of a debt without Plaintiff's prior consent.

c) Defendant DB violated 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt.

d) Defendant DB violated 15 U.S.C. §1692e(8) by failing to communicate that Plaintiff disputes the alleged debt.

59.     WHEREFORE, the Plaintiff demands judgment for damages against Defendant DB for actual damages, statutory damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. §1692k.

## DEMAND FOR JURY TRIAL

60.     The Plaintiff hereby demands a trial by jury of all issues so triable as a

14

matter of law.

Respectfully submitted this 22nd day of August 2016,

Glenn M. Heagerty Jr.
2890 Willow Wisp Way
Cumming, GA 30040

(770) 406-3387
gascfc16sc0149a@mail.com



**US POSTAGE PAID**

# $6.45

PI

Origin: 30040
Destination: 30501
0 Lb 4.90 Oz
Aug 22, 16
1222330368-20

1006



UNITED STATES
POSTAL SERVICE ®

For Domestic Use Only

Label 107R, Ju 

## PRIORITY MAIL ®1-Day

Expected Delivery Day: 08/2016   | C037 |

### USPS TRACKING NUMBER



9505 5119 9718 6235 0354 42

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

**FROM:**

*2890 Willow WispWay*
*Cumming, GA 30040*

**TO:** *Clerk of Court*
*United States Courthouse &*
*Federal Building*
*121 Spring Street SE*
*Room 201*
*Gainesville, GA 30501 - 378*



**PRIORITY MAIL ★**

**TRACKED ★★★ INSURED ★**

UNITED STATES
POSTAL SERVICE ®

Domestic Use Only

Label 107R, July 2013

EP14F July 2013
OD: 12.5 x 9.5

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

